UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN FITZGERALD HEARD | CRIMINAL NO. 13-cv-0043 |
| VERSUS | JUDGE WALTER |
| WILLIE FRED KNOWLES, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

John Fitzgerald Heard ("Plaintiff") filed this civil rights action against Homer police officer Willie Fred Knowles and the Homer Police Department. He later filed an amended complaint to drop the Homer Police Department as a defendant and replace it with the Town of Homer. Plaintiff alleges that Officer Knowles subjected him to excessive force by the unwarranted use of a Taser and later caused him to be arrested without cause.

Before the court are a Motion to Dismiss (Doc. 31) filed by Officer Knowles and a Motion to Dismiss (Doc. 47) filed by Officer Knowles and the Town of Homer. Both motions ask to dismiss this civil action on the grounds that service was not timely made. The statute of limitations has passed, so dismissal even without prejudice, would bar Plaintiff from refiling the claims. As discussed below: (1) Much of the delay in service was attributable to the court rather than Plaintiff; (2) Defendants have not articulated prejudice from the delay; and (3) Knowles and other Homer policemen have a history of being accused of unlawful use of Tasers. For these reasons, it is recommended that both motions be denied.

**Timely Service Requirement**

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

"Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013). A discretionary extension may be warranted "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service ...." Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008).

Defendants also invoke Rule 41 and argue that dismissal is appropriate for failure to prosecute. When the alleged failure is lack of timely service, the court employs an analysis similar to that applicable under Rule 4. Gartin v. Par Pharmaceutical Companies, Inc., 289 Fed. Appx. 688, *693-94 (5th Cir. 2008).

**Relevant Facts**

Plaintiff filed his original complaint on January 4, 2013 while he was incarcerated at the Claiborne Parish Detention Center. He used a preprinted complaint form provided by this court for prisoner civil rights actions, and he set forth his allegations in handwriting. He was granted leave to proceed *in forma pauperis*. Although Plaintiff did not complain about conditions of his confinement or attack a state court conviction, the Clerk of Court assigned

this case to Section P based on Plaintiff's incarceration at the time he filed it. Section P cases receive special screening by the court before service is ordered or even permitted. This avoids defendants being served with complaints before the court reviews them and determines whether they may be dismissed as frivolous. This initial review process saves government defendants such as these the expense of responding to hundreds of additional complaints each year, but there is a price to pay in that the screening process often delays service of some cases deemed not frivolous.

Plaintiff was later released from jail and changed his address a couple of times, which resulted in the return of some mail and related delay. In December 2013, 11 months after the complaint was filed, the court ordered Plaintiff to file an amended complaint and set forth specific facts in support of his claims, as outlined in the order. This was part of the screening process to determine whether dismissal or service was appropriate. The order was returned as undeliverable. Internal records indicate that the Clerk of Court received a phone call from someone who advised that Plaintiff would send a letter to update his address, and a letter was soon received. Plaintiff filed the amended complaint as directed.

The initial review process continued. Plaintiff submitted a proposed summons (Doc. 23) in September 2014. Internal records indicate that a deputy clerk spoke with Plaintiff by phone and advised him that his case would have to be reviewed by the court, pursuant to the Section P procedures, before any summons would be issued.

The next action was a motion by attorney Nelson Cameron to enroll as counsel for Plaintiff in May 2015. Cameron immediately requested issuance of the summons, and the

court issued an order the next day that granted the request. (The court ordinarily bypasses the initial screening process if an attorney is willing to stand behind a complaint.) The Marshal filed service returns (Docs. 29 and 30) as to Officer Knowles and the Police Department that indicated service made on May 26, 2015.

Knowles and the Police Department filed the first of the two motions now before the court and included an argument that the Homer Police Department was not a legal entity that could be sued. Plaintiff responded with a motion to amend the complaint and substitute the Town of Homer as the proper defendant. Leave was granted, and the Town of Homer waived service on August 6, 2015. Doc. 46.

Plaintiff states in an affidavit that he has only a ninth-grade education and had been unable to find an attorney, despite efforts, until he retained Mr. Cameron. Plaintiff says that he did ask his cousin, a paralegal, to help him after the court ordered him to file an amended complaint. The cousin, Mr. Franklin, testifies that he had never had any dealings with a federal case, but he tried to help his cousin the best he could. He testifies about contacting the Clerk of Court and requesting information about a summons, and being told that a review had to be conducted before summons would issue. His testimony on this issue is consistent with the court's internal records. Mr. Franklin adds that he and Plaintiff mailed a copy of the complaint to Officer Knowles and the Town of Homer in May 2014, although neither copy was accompanied by a summons. Certified receipts are submitted in support of this contention.

**Analysis**

There was an unfortunate delay between the filing of the original complaint and service on Officer Knowles. The Town of Homer, represented by the same attorney who represented the misnamed police department, waived service less than three months later. Dismissal is not warranted despite the delay because almost all of it is attributable to the court and its procedures for screening prisoner cases, as opposed to negligence or delay by Plaintiff. Plaintiffs whose cases are assigned to Section P are not allowed to make service; they must wait for the court to order the Marshal to make service. Good cause is present, and the plaintiff may not be penalized, when a service delay is attributable to the court or Marshal. Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir.1996); Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987); Verrette v. Majors, 2008 WL 4793197, *2 (W.D. La. 2008).

The record shows that Plaintiff made efforts to obtain a summons but was denied issuance by the court, and he nonetheless made efforts to give notice of the complaint to the defendants by mailing a copy to them. Defendants have not articulated any specific prejudice, although the court understands that prejudice caused by delay can not always be known at this stage of the case.

Defendants were also on notice of the potential for such a claim. There have been at least two other civil suits against officers with the Town of Homer that included similar allegations. Bender v. Town of Homer, 10 CV 1046 and Boyd v. Smith, 11 CV 2097. Mr. Cameron enrolled in Boyd after it was filed pro se, as was this case, and he was able to defeat

a motion for summary judgment and eventually settle the case. Because of such lawsuits, and a fairly well known investigation by the FBI and other law enforcement authorities, the Town and Knowles have long been on notice to secure evidence regarding allegations of the improper use of Tasers and similar excessive force. Knowles has actually been indicted in this court on three counts of deprivation of civil rights by wrongful use of a Taser, plus one count of making a false statement to the FBI. That case is set for trial before Judge Hicks in December 2015. U.S. v. Knowles, 14 CR 00240.

**Conclusion**

After consideration of all relevant circumstances, it is the opinion of the undersigned that good cause is present to excuse the delay in making service. The court should deny the motions to dismiss and decline to dismiss Plaintiff's civil action despite the delay in service for which he bears little if any blame.

Accordingly,

**IT IS RECOMMENDED** that the **Motions to Dismiss (Docs. 31 and 47)** based on untimely service be **denied**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of October, 2015.

Mark L. Hornsby
U.S. Magistrate Judge